# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

June 2, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 13-0746** (Berkeley County 11-F-224)

**Jessica Lynn Skupnick,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jessica Lynn Skupnick's appeal, filed by counsel B. Craig Manford, arises from the Circuit Court of Berkeley County, which sentenced petitioner to three to fifteen years in prison for her conviction of neglect of a child resulting in death under West Virginia Code § 61-8D-4a. The circuit court entered the sentencing order on July 21, 2013, after which petitioner filed a motion for reconsideration of sentence. The circuit court denied this motion by order entered on October 16, 2013. The State, by counsel Christopher C. Quasebarth, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for reconsideration of sentence so that she could have additional diagnostic testing in aid of sentencing and in sentencing petitioner to three to fifteen years in prison rather than alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was born completely deaf in one ear and partially deaf in the other ear, for which she uses a hearing aid. In late September of 2010, petitioner gave birth to her child. In early December of 2010, the Berkeley County Sheriff's Department responded to a call concerning the suspicious death of the two-month-old child, who was found strapped to a car seat, unresponsive, and with bruising on his face. Present in the home were petitioner, her boyfriend, and her boyfriend's mother. The autopsy of the child revealed two fractured, but healing ribs; two deep scalp hemorrhages and a large pool of blood within the skull; three bruises on the face and forehead; and abrasions to his nose, lip, and inside gum line. The death was ruled a homicide due to multiple blunt force trauma.

In September of 2012, petitioner pled no contest to child neglect resulting in death under West Virginia Code § 61-8D-4a. Petitioner's plea agreement with the State provided that petitioner would "receive the statutory sentence of three to fifteen years; however[,] the parties are free to argue and make recommendations to the [circuit] [c]ourt regarding sentencing." The

circuit court deferred sentencing for a later hearing and granted petitioner's motion for a diagnostic evaluation at Lakin Correction Center Diagnostic Unit.

Two different evaluators at Lakin evaluated petitioner in February of 2013. Their reports revealed that petitioner was born deaf but able to read lips and communicate verbally. The reports also revealed that petitioner has an extensive history of psycho-social problems and would benefit from psychotherapy, incarceration, and a referral to a physician for further medication to manage her symptoms of depression and anxiety. Also included in the reports were statements made by petitioner that if she was released into the community, she planned to reside in a house with four friends; that she does not need any mental health or substance abuse treatment; and that, to avoid future legal difficulties, she stated, "I learned my lessons. I haven't been focused on relationships, work on college course online, and go to church and Celebrate Recovery meetings." Neither report indicated that petitioner had any difficulty communicating with either evaluator, that she revealed that she was without her hearing aid that day, or that she did not understand the questions asked of her. One of the evaluations was conducted through the use of printed questions and answers, rather than an entirely oral interview.

At petitioner's sentencing in April of 2013, she filed a motion for alternative sentencing of probation. Petitioner testified of her past abusive relationships with former boyfriends, including the one who was convicted of killing her baby. More specifically, petitioner testified that shortly after the baby was born, her boyfriend became physically and emotionally abusive towards her and the baby. Whenever petitioner tried to confront her boyfriend or her boyfriend's mother about bruises she would notice on the baby, her concerns would be cast aside with excuses. For instance, the boyfriend once explained that he must have accidentally pinched the baby's belly while changing his diaper to explain a bruise about two inches in diameter above the baby's belly button. The day before the baby died, the baby had a doctor's appointment scheduled. However, due to bruises and injuries visible on the baby, petitioner's boyfriend and the boyfriend's mother suggested that they ought to cancel the doctor's appointment. Petitioner did not bring the baby to his doctor's appointment the next day.

At petitioner's sentencing hearing, she never raised any issue with the fact that she did not have her hearing aid with her during her evaluations at Lakin, nor did she object to the circuit court's consideration of the evaluations. After considering petitioner's testimony and the testimony of other witnesses, the evaluation reports, and discussions with the Division of Corrections concerning possible and available psychological and social treatment, the circuit court denied petitioner's motion for probation and sentenced her to three to fifteen years in prison.

Thereafter, petitioner filed a motion for reconsideration of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. A hearing was held on this motion in September of 2013. Petitioner testified that "if the time comes" when she is released from incarceration, she wants to go to therapy and classes. Petitioner also testified that she felt that her evaluators were frustrated with her during the evaluations and that she made one of her evaluators fully aware that she could not hear her and that she explained that she was having a hard time reading the evaluator's lips. After considering petitioner's motion and the testimony at the hearing on this

motion, the circuit court denied petitioner's motion for reconsideration of her sentence. From this order, petitioner now appeals.

"Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). With regard to orders denying motions for reconsideration of sentence, we have held as follows:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). With these standards in mind, we turn to petitioner's arguments on appeal.

Petitioner first argues that the circuit court erred and abused its discretion when it denied petitioner's motion for reconsideration so that she could have additional diagnostic testing in aid of sentencing. Petitioner asserts that expert testimony from Dr. Bernard Lewis revealed that the results of petitioner's testing showed "classic signs" of confusion by petitioner. Due to such confusion, petitioner argues that she should receive another evaluation with the assistance of her hearing aid. Petitioner also argues that the circuit court erred and abused its discretion when it sentenced petitioner to three to fifteen years in prison and denied her motion for alternative sentencing. Petitioner asserts that she should have received probation instead of incarceration because she had a lack of criminal history, she was susceptible to her boyfriend and his mother's influence due to her dependence on them, she has great remorse and contrition over her inability to protect her child, she has attempted efforts at self-rehabilitation, and she lacked insight in choosing appropriate romantic partners.

Upon our review of the record and the briefs on appeal, we find that the circuit court did not err or abuse its discretion in sentencing petitioner or in denying petitioner's motion for reconsideration of her sentence. We recognize the following:

> When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

Syl. Pt. 5, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). The record reveals that, at petitioner's hearing on her motion for reconsideration, the circuit court considered the time between petitioner's sentencing and her motion for reconsideration of sentence and concluded that the reasons that supported petitioner's sentence had not changed during this time frame. Rather, petitioner's arguments in her motion for reconsideration stemmed from events that

occurred prior to her sentencing. Petitioner did not choose to raise these arguments until later, under the disguise of a motion for reconsideration. The hearing transcript of the reconsideration motion reveals that although Dr. Lewis testified that petitioner's evaluations might indicate her confusion, he also testified that he did not dispute petitioner's diagnoses. When asked what she would like the circuit court to know in making its decision, petitioner's first reply concerned her "extremely rough" incarceration due to the other inmates bullying her. She further insisted that she could not get the type of therapy she had with a former grief counselor while incarcerated. Petitioner's counsel admitted that no problems concerning petitioner's ability to communicate at her evaluations were previously raised at sentencing. This evidence supports the circuit court's decision to deny petitioner's motion for reconsideration of her sentence.

The circuit court's sentencing order reflects that petitioner's sentence for her conviction of neglect of a child resulting in death is within the statutory limits provided in West Virginia Code § 61-8D-4a. The circuit court considered petitioner's circumstances, surmising that although "[petitioner] has a hearing impairment, [it] should not cause there to be any less expectation than of any other mother of her protecting her helpless two-month-old infant from ongoing severe physical abuse leading to death. [Her] inaction was just as clearly a contributing cause of the infant's death as [her boyfriend's] actions." Absent any showing that the circuit court considered any impermissible factor at sentencing, we find no error or abuse of discretion by the circuit court in denying petitioner probation.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 2, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin

4